IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANTONIO HAWKINS, | ) |
| | ) |
| Petitioner, | )   2:12-cv-2828-KOB-JHE |
| | ) |
| V. | ) |
| | ) |
| WARDEN BOBBY BARRETT, et al., | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

The petitioner filed a habeas corpus petition on August 28, 2012 (doc. 1), almost three years after the limitations period to file the petition expired on October 8, 2009. The magistrate judge entered a report recommending that the court dismiss the habeas corpus petition as time barred by the one-year statute of limitations and procedurally barred because the petitioner's only ground, ineffective assistance of Rule 32 counsel, had not been raised in state court. (Doc. 7). The petitioner filed objections to the magistrate judge's report and recommendation, arguing for the first time that the petition was timely filed and was not procedurally barred.[1] (Doc. 9). The magistrate judge entered a supplement to the report and recommendation on April 9, 2013, recommending that the court dismiss this action because, even if it the petition is not time barred, the petition is procedurally barred and has no merit. (Doc. 10).

Having carefully reviewed and considered de novo all materials in the court file,

---

[1] Although the magistrate judge afforded the petitioner time to respond (doc. 6) to the state's response raising the statute of limitations and procedural default (doc. 5), petitioner filed nothing until objecting to the Report and Recommendation.

1

including the magistrate judge's report and recommendation, the petitioner's objections, and the magistrate judge's supplemental report and recommendation, the court finds that the magistrate judge's report is due to be ADOPTED, and the court ACCEPTS his recommendation.  The court finds that the habeas petition is due to be DISMISSED because it is barred by the statute of limitations and, alternatively, is procedurally barred.

**I. The habeas petition is barred by the one-year statute of limitations.**

On September 28, 2006, a jury found the petitioner guilty of two counts of felony murder, and he was sentenced to a single term of life imprisonment on November 27, 2006.  On September 19, 2008, the Alabama Court of Criminal Appeals affirmed the petitioner's state court conviction (doc. 5-2) and issued a certificate of judgment on October 8, 2008 (doc. 5-3).  The petitioner failed to apply for rehearing with the Alabama Court of Criminal Appeals within 14 days and did not pursue a direct appeal of his conviction to the Alabama Supreme Court.  Therefore, the petitioner's conviction became final on October 8, 2008, when the Alabama Court of Criminal Appeals issued its certificate of judgment.

The AEDPA provides a one-year statute of limitations period within which to file a federal habeas petition.  28 U.S.C. § 2244.  The limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  *Id*.  So, the petitioner in the instant case had until October 8, 2009 to timely file his habeas petition.   The petitioner did not file his habeas petition with this court until *almost three years later* on August 28, 2012 and provides no legal excuse for his delay.

The statute of limitations for a federal habeas petition stops running when a petitioner

timely files a state post-conviction petition. *San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011). The petitioner filed a Rule 32 petition in the Circuit Court of Jefferson County on August 5, 2010, but the trial court, after an evidentiary hearing, denied the petition on November 9, 2010, finding the Rule 32 petition untimely. The Alabama Court of Criminal Appeals affirmed the denial of the Rule 32 petition, finding that the petitioner failed to show that he filed his petition within six months of the newly discovered evidence as required by Rule 32.2 (c) of the Alabama Rules of Criminal Procedure. (Doc. 5-1). The Alabama Court of Criminal Appeals denied the petitioner's application for rehearing on November 18, 2011. (Doc. 5-4). The Alabama Supreme Court denied the writ of certiorari and issued a certificate of judgment on January 13, 2012. (Doc. 5-5).

If the petitioner had filed a timely Rule 32 petition before October 8, 2009, the time spent litigating his properly filed state collateral attack would not count toward the one-year limitations period for filing his federal habeas petition. *See* 28 U.S.C. § 2244 (d). However, the petitioner did not file a Rule 32 petition until August 5, 2010, almost ten months *after* the statute of limitations expired for filing his federal habeas petition. Because the petitioner did not file his Rule 32 petition until after the habeas statute of limitations expired, statutory tolling does not apply in the present case. *See Chavez v. Sec'y Florida Dep't of Corr.*, 647 F.3d 1057, 1062 n.3 (11th Cir. 2011) (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the [federal] limitations period cannot toll that period because there is no period remaining to be tolled."). "A state court filing after the federal habeas filing deadline does not revive it." *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004). This court need not examine the substance of the petitioner's Rule 32 petition

3

because even if it was a "properly filed" collateral review, the filing of the Rule 32 petition would not extend the petitioner's October 8, 2009 deadline to file his federal habeas action. The court finds no basis to apply statutory tolling for the petitioner's Rule 32 petition filed after the federal habeas review deadline had already expired.

Likewise, the petitioner is not entitled to equitable tolling, and his § 2254 petition remains time barred. The court's application of equitable tolling is "an extraordinary remedy" and should be "limited to rare and exceptional circumstances." *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005). Equitable tolling applies only if the petitioner shows "(1) that he has been pursuing his rights diligently, *and* (2) that some extraordinary circumstance stood in his way and prevented timely filing." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (quoting *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010)) (emphasis added).

Under the first requirement of equitable tolling, the petitioner must pursue his rights with "reasonable diligence" rather than "maximum feasible diligence." *Holland*, 130 S. Ct. at 2565. Furthermore, under the second requirement, the petitioner must show that an extraordinary circumstance caused the petitioner to file the petition late. *San Martin,* 633 F.3d at 1267. Under the equitable tolling doctrine, the petitioner has the burden of proving that the circumstances warrant application of the doctrine. *Id.* at 1268 (citing *Drew v. Dept. of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002)).

The basis of the petitioner's argument in his federal habeas petition is that his Rule 32 attorney provided ineffective assistance of counsel by failing to introduce evidence at the Rule 32 hearing that the Rule 32 petition was filed within six months of discovering new evidence as required by Rule 32.2(c) of the Alabama Rules of Criminal Procedure. The petitioner claims,

through affidavits of Lakisha Cohill and Sonya Sanders filed with his habeas petition, that his Rule 32 attorney knew that the new evidence of the petitioner's innocence was discovered within six months of the filing of the Rule 32 petition but failed to present evidence of the date of the discovery during the Rule 32 hearing.  However, nothing in the habeas petition indicates that the petitioner reasonably pursued his rights regarding his Rule 32 attorney's ineffective assistance. During the Rule 32 hearing, the petitioner, Ms. Cohill, and Ms. Sanders presumably knew the date of discovery of the new evidence at issue, but the petitioner pleads no facts in his habeas petition that he or anyone else addressed this issue at the Rule 32 hearing with his attorney.  Also, the petitioner allowed his Rule 32 counsel to appeal the Rule 32 court's dismissal of the petition and gives no basis as to why he did not attempt to hire different counsel on appeal.  The petitioner in this case has failed to show *any* diligence, much less reasonable diligence.

Moreover, these facts do not show extraordinary circumstances that would justify the filing of the petitioner's habeas petition almost three years after his final judgment.  This court finds that arguing that Dontez Moore finally agreed in August 2010 to testify that the petitioner was not present during the murder does not constitute extraordinary circumstances, nor does it *prove* actual innocense.

Therefore, this court finds that neither statutory nor equitable tolling apply in this case and that the federal habeas petition is barred by the statute of limitations.

**II. The petitioner's ineffective assistance of counsel claim in his habeas petition is procedurally defaulted.**

The court agrees with the magistrate judge that even if the petitioner had filed a timely habeas petition, the petitioner's claim that his Rule 32 attorney provided ineffective assistance of

5

counsel is procedurally barred because he failed to raise this claim in Alabama state court. Further, the court agrees that petitioner failed to prove the cause and prejudice necessary to overcome the default. While "[a]ttorney error [on direct review] that constitutes ineffective assistance of counsel" has long been accepted as cause to overcome a procedural default, the errors of post-conviction counsel on collateral review have been neither a proper constitutional claim nor proper to offer as cause and prejudice to overcome a procedural default. *Coleman v. Thompson*, 501 U.S. 722, 754 (1991) (brackets added). Pursuant to the reasoning in *Coleman*, because "there is no right to counsel in state collateral proceedings," a petitioner cannot allege the constitutional ineffectiveness of his post-conviction counsel as cause to overcome a claim that was procedurally defaulted during collateral proceedings. *Id.* at 757.

Contrary to the petitioner's argument in the present case, *Martinez v. Ryan*, ---- U.S. ----, ----, 132 S. Ct. 1309 (2012), does not apply. In *Martinez*, the United States Supreme Court narrowly modified *Coleman's* long-standing principle after studying "[t]he precise question [of] whether ineffective assistance in an initial-review on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding." *Id.* at 1317. The Supreme Court in *Martinez* held that

> [t]o protect prisoners with a potentially legitimate claim of ineffective assistance of trial counsel, it is necessary to modify the unqualified statement in *Coleman* that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default. This opinion qualifies *Coleman* by recognizing a narrow exception: Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial.

*Id.* at 1315 (brackets added).

The Court also explained that the phrase "initial-review post-conviction proceedings" was

6

meant to exclusively refer to post-conviction proceedings at the trial court level,

> [w]hen an attorney err[or makes it] likely that no state court at any level will hear the prisoner's claim. This Court on direct review of the state proceeding could not consider or adjudicate the claim. See, *e.g.*, *Fox Film Corp. v. Muller*, 296 U.S. 207, 56 S. Ct. 183, 80 L .Ed. 158 (1935); *Murdock v. Memphis*, 20 Wall. 590, 22 L. Ed. 429 (1875); cf. *Coleman, supra*, at 730–731, 111 S. Ct. 2546. And if counsel's errors in an initial-review collateral proceeding do not establish cause to excuse the procedural default in a federal habeas proceeding, no court will review the prisoner's claims.
>
> The same is not true when counsel errs in other kinds of postconviction proceedings. While counsel's errors in these proceedings preclude any further review of the prisoner's claim, the claim will have been addressed by one court, whether it be the trial court, the appellate court on direct review, or the trial court in an initial-review collateral proceeding. *See*, e.g., *Coleman*, *supra*, at 756, 111 S. Ct. 2546.

*Martinez v. Ryan*, 132 S. Ct. at 1317 (brackets added).

In any event, the holding in *Martinez* is not "a constitutional ruling" but an "equitable ruling." *Id.* at 1320. Thus, a petitioner still has no independent constitutional right to post-conviction counsel, and any equitable cause and prejudice allegations concerning the inadequacies of post-conviction counsel can be asserted *only* in an attempt to overcome the procedural default of an ineffective assistance of *trial counsel* claim when the default occurred at the Rule 32 court level. *Martinez* does *not* apply to errors made by post-conviction counsel in any other collateral proceedings or any issue other than failure to raise an ineffective assistance of *trial counsel* claim. In the present case, the only claim of the petitioner involves ineffective assistance of Rule 32 counsel during a Rule 32 hearing. As such, the narrow holding in *Martinez* does not apply in the present case.

### III. Conclusion

For all of the foregoing reasons, the court finds that the magistrate judge's report is due to

be ADOPTED and ACCEPTS his recommendation.  The court finds that the circumstances of this case do not warrant application of statutory or equitable tolling of the statute of limitations doctrine.  Therefore, summary judgment is due to be granted and the habeas petition is due to be DISMISSED as barred by the statute of limitations, or alternatively, as procedurally barred.  The court will enter a separate, final Order.

DONE and ORDERED this 3rd day of September, 2013.

_/s/ Karon O. Bowdre_
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE